UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMBER C.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-CV-6108-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly considered Drs. Patricia Kraft's and Leslie Postovoit's opinions. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 28, 2016, Plaintiff filed an application for SSI, alleging disability as of March 10, 2016. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. Plaintiff appeared and testified at a hearing held on March 15, 2018, with a supplemental hearing held on October 23, 2018, in front of ALJ Lawrence Lee. *See* AR 15. In a decision dated December 4, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating the opinions of Drs. Kraft and Postovoit; and (2) failing to meet his burden of producing evidence at step five that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff alleges the ALJ erred by failing to include in the residual functional capacity ("RFC") the limitations opined to by Drs. Kraft and Postovoit that Plaintiff would "work best"

with superficial contact with coworkers and the public. Dkt. 12, p. 4. Instead, the ALJ found Plaintiff could "occasionally' interact with coworkers and the public." AR 23.

The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir. 1989). When the RFC is incomplete, the hypothetical question presented to the vocational expert at step five is also incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

In September 2016, Dr. Kraft reviewed Plaintiff's records and opined Plaintiff was moderately limited in her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 119. When asked to "explain in narrative form [Plaintiff's] social interaction capacities and/or limitations" Dr. Kraft wrote that Plaintiff "would work best w/ superficial public and coworker contact." AR 119. In July 2017, Dr. Postovoit reviewed Plaintiff's records and adopted Dr. Kraft's opinion. AR 132-133.

The ALJ assigned great weight to both opinions. AR 23. The RFC includes that "[Plaintiff] can tolerate few changes in the workplace setting, and can occasionally interact with coworkers and the public." AR 20. Plaintiff argues the limitation of "occasionally interact with coworkers and the public" fails to account for the opinions of Drs. Kraft and Postovoit that Plaintiff would "work best" with superficial public and coworker contact. Dkt. 12, p. 4.

The ALJ did not discuss the doctors' opinions that Plaintiff would "work best" with superficial public and coworker contact and did not include this limitation in the RFC. *See* AR 20,

23. Defendant interprets this portion of the opinions as a "recommendation" and since an ALJ "may rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations", the ALJ was not required to include it in the RFC. Dkt. 13, p. 3, citing *Rounds*, 807 F.3d at 1006. Defendant also asserts that when an ALJ translates a qualitative limitation into a quantitative one as the ALJ did here, he has simply made a reasonable interpretation of the medical opinion. Dkt. 13, pp. 3-4, citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1106-1107 (9th Cir. 2017).

Here, the ALJ did not state he was discounting the opinions that Plaintiff could only engage in superficial interactions with the public and coworkers because the opinions were merely recommendations. The ALJ also did not state he was merely translating a qualitative limitation into a quantitative limitation. Therefore, both Defendant's arguments are post hoc rationalizations, and courts cannot "affirm the decision of an agency on the ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted). Indeed, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-1226 (9th Cir. 2009) (emphasis in original) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (other citation omitted).

In addition, a limitation to occasionally interact with coworkers and the public is not facially equivalent with a limitation to superficial public and coworker contact. *See Curtis M. v. Comm'r of Soc. Sec.*, 2019 WL 1434885, at *1 (W.D. Wash., Apr. 1, 2019). For instance, a person could have occasional contact with someone, but that contact could require a significant depth of

interaction. Similarly, a person could have occasional contact with a group of people but that contact could be on mundane or routine matters. *See id.*

Thus, the Court is not persuaded by Defendant's arguments. Because the ALJ did not provide a reason for discounting Drs. Kraft's and Postovoit's opinions that Plaintiff is limited to superficial contact with coworkers and the public or adequately incorporate this limitation into the RFC, the ALJ erred. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered Drs. Kraft's and Postovoit's opinions, the RFC may have changed. As discussed above, Drs. Kraft and Postovoit opined Plaintiff would "work best" with superficial public and coworker contact. AR 119. Despite providing the opinions great weight and although he limited Plaintiff to occasional contact with coworkers and the public, the ALJ did not limit Plaintiff to superficial contact with coworkers and the public. Therefore, the ALJ's failure to properly consider Drs. Kraft's and Postovoit's opinions is harmful error. Thus, the ALJ must re-evaluate the opinions of Drs. Kraft and Postovoit on remand.

**II. Whether the ALJ erred at Step Five.**

Plaintiff argues the ALJ erred at step five by failing to meet his burden of producing evidence that there are jobs existing in significant numbers in the national economy that Plaintiff can perform at step five. Dkt. 12, pp. 6-11. The Court has found the ALJ committed harmful error and has directed the ALJ to reassess the opinions of Drs. Kraft and Postovoit on remand. *See* Section I, *supra*. Accordingly, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate step five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 16th day of July, 2020.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6